**Paul E. BLACKFORD, Plaintiff,**

v.

**KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW, Defendant.**

No. 95–2550–KHV.

United States District Court,
D. Kansas.

Sept. 30, 1996.

Paul E. Blackford, Laguna Niguel, CA, pro se.

James R. McEntire, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for defendant.

*Memorandum and Order*

VRATIL, District Judge.

This matter comes before the Court on *Defendant's Motion to Dismiss for Summary Judgment* (Doc. # 23), filed July 12, 1996.[1] Plaintiff Paul E. Blackford claims that the Kansas Employment Security Board of Review ("Board") deprived him of due process under 42 U.S.C. § 1983 by denying him unemployment benefits. The Board asserts that plaintiff's complaint fails to state a claim upon which relief may be granted and that the Court lacks subject matter jurisdiction over plaintiff's claims. Plaintiff resists such motion, arguing that the Board's motion is untimely.[2]

A. FACTS [3]

Plaintiff worked as a security officer for Jefferson National Bank ("Jefferson") in Charlottesville, Virginia, until Jefferson fired him on June 7, 1991. After he was terminated, plaintiff moved to Kansas and filed for unemployment benefits. An examiner of the Kansas Secretary of Human Resources granted Plaintiff's initial request for unemployment benefits. Jefferson appealed the decision. During a teleconference conducted by a referee of the Kansas Secretary of Human Resources, Jefferson presented evidence that plaintiff had not followed travel procedure policy and had falsified expense vouchers. The referee found that Jefferson had terminated plaintiff for misconduct connected with his work pursuant to K.S.A. § 44–706(b). The teleconference was recorded, but due to problems with the recording, only a part of the teleconference could be transcribed.

The Board and the District Court of Shawnee County, Kansas, both affirmed the referee's decision. The Court of Appeals of the State of Kansas held that although there was

---

1. The Court will evaluate the defendant's motion as a motion for summary judgment.

2. Plaintiff claims that the Board's motion is untimely filed. Plaintiff asserts that the Board violated the deadline established in the scheduling order of June 12, 1996. However, on June 20, 1996, both parties agreed to amend the deadline to allow motions to dismiss to be filed on or before July 15, 1996. The Board's motion was

filed on July 12, 1996, and therefore was timely filed.

3. The facts set forth in this memorandum and order are either uncontroverted or, where controverted, construed in the light most favorable to the nonmoving party. Immaterial facts and factual allegations not properly supported by the record are omitted.

a problem in recording the teleconference, the transcript contained substantial competent evidence to support the finding that plaintiff was terminated for misconduct associated with his job. The Kansas Supreme Court denied plaintiff's petition for review.

## B. DISCUSSION

■ Rule 56(c) of the Federal Rules of Civil Procedure directs the entry of summary judgment in favor of the party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A principal purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–34, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

■ When deciding a summary judgment motion, the Court considers all evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). The nonmoving party, however, "may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990). Thus, summary judgment may be entered "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

■ With a *pro se* case, the court affords a plaintiff more leniency, and must liberally construe the complaint. *See Oltremari v. Kansas Social & Rehabilitative Serv.,* 871 F.Supp. 1331, 1333 (D.Kan.1994). Nevertheless, the Court may not assume the role of advocate for a *pro se* litigant. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

■ Plaintiff asserts a claim under 42 U.S.C. § 1983.[4] Section 1983, however, does not itself create any substantive rights. *Gallegos v. City & County of Denver,* 984 F.2d 358, 362 (10th Cir.1993), *cert. denied,* 508 U.S. 972, 113 S.Ct. 2962, 125 L.Ed.2d 662 (1993). Rather, it is a mechanism for redressing constitutional violations. The first step to resolving a § 1983 claim is to identify the constitutional right allegedly violated. *See Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). Plaintiff's pleadings allege a deprivation of due process under the Fourteenth Amendment. He contends that the Board did not have all of the necessary information to make an informed decision due to the incomplete recording of the proceedings before the referee. Plaintiff claims that the Board's decision, based on less than complete information, constitutes a denial of his right to due process. The Court disagrees. To determine if a constitutional violation occurred under § 1983, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Zinermon v. Burch,* 494 U.S. 113, 126, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990); *see Carey v. Piphus,* 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property."). Plaintiff's claims have made their way through the agency procedure according to K.S.A. § 44–709, and through every level of the state court system. Both the District Court of Shawnee County, Kansas, and the Court of Appeals of the State of Kansas found substantial competent evidence in the record to hold that Plaintiff was terminated for misconduct associated with his job. Therefore, Plaintiff's claim for deprivation of due process fails because the process he received was all that he was due. *Zinermon,* 494 U.S. at 126, 110 S.Ct. at 983 ("The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.").

---

**4.** Plaintiff's pleadings also raise a retaliatory discharge claim, but the proper defendant, Jefferson, is not a party to this suit. Accordingly, the existence of the retaliatory discharge claim does not defeat defendant's motion for summary judgment.

**IT IS THEREFORE ORDERED** that *Defendant's Motion to Dismiss for Summary Judgment* (Doc. # 23), filed July 12, 1996, be and hereby is sustained.