**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL E. BLACKFORD,

Plaintiff-Appellant,

v.

EMPLOYMENT SECURITY BOARD
OF REVIEW,

Defendant-Appellee.

No. 96-3378
(D.C. No. 95-CV-2550)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Paul E. Blackford filed this action pursuant to 42 U.S.C. § 1983 against Appellee Kansas Employment Security Board of Review ("the Board"). The United States District Court for the District of Kansas granted summary judgment in favor of the Board. Mr. Blackford appeals the district court's order, and we affirm.

Mr. Blackford was a security officer for Jefferson National Bank, Charlottesville, Virginia, until he was terminated on June 7, 1991. Thereafter, Mr. Blackford moved to Overland Park, Kansas, and filed for unemployment benefits. His initial request was granted. However, Jefferson National Bank appealed the grant of unemployment benefits, and a teleconference hearing was held by a referee of the Kansas Secretary of Human Resources. The referee determined Mr. Blackford had been terminated for misconduct connected with his work. Consequently, the referee concluded Mr. Blackford could not collect unemployment benefits until he was reemployed "and has had earnings from insured work of at least three times the individual's determined weekly benefit amount." *See* Kan. Stat. Ann. § 44-706(b) (1993). Although the teleconference hearing was recorded, there were problems with the recording and only one-third of the conference was transcribed.

The referee's decision was affirmed by the Board, the District Court of Shawnee County, Kansas, and the Court of Appeals of the State of Kansas. The Supreme Court of the state of Kansas denied Mr. Blackford's petition for review.

In December 1995, Mr. Blackford filed his complaint against the Board with the United States District Court for the District of Kansas. The district court entered summary judgment in favor of the Board in September 1996. Mr. Blackford then initiated this appeal, *pro se*.

We review the grant or denial of a motion for summary judgment *de novo*, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995). Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of material fact is genuine where a reasonable jury could return a verdict for the party opposing summary judgment. *Wolf*, 50 F.3d at 796 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In applying the summary judgment standard, we examine the factual record and reasonable

inferences therefrom in the light most favorable to the nonmovant. *Wolf*, 50 F.3d at 796.

Although Mr. Blackford's appellate brief is not perfectly clear, he appears to argue the Board violated his due process rights under the Fourteenth Amendment. Specifically, Mr. Blackford alleges the following violations: (1) the telephonic hearing was not completely recorded; (2) he was not advised the hearing was not completely recorded until the Kansas Court of Appeals issued its decision; and (3) neither the Board nor any other court helped Mr. Blackford obtain certain travel vouchers and receipts of expenses and charges from Jefferson National Bank. Mr. Blackford claims the travel vouchers and receipts would have allowed him to prevail in his lawsuit for unemployment benefits.

We believe the district court properly determined Mr. Blackford could not establish a violation of his due process rights. In granting summary judgment in favor of the Board, the district court stated:

> To determine if a constitutional violation occurred under § 1983, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990) .... Plaintiff's claims have made their way through the agency procedure according to K.S.A. § 44-709, and through every level of the state court system. Both the District Court of Shawnee County, Kansas, and the Court of Appeals of the State of Kansas found substantial competent evidence in the record to hold that

-4-

> Plaintiff was terminated for misconduct associated with his job. Therefore, Plaintiff's claim for deprivation of due process fails because the process he received was all that he was due.

*Blackford v. Kansas Employment Sec. Bd. of Review*, 938 F. Supp. 739, 741 (D. Kan. 1996) (citations omitted). We agree. Although the telephonic hearing was only partially recorded, we do not believe this error resulted in an impairment of Mr. Blackford's due process rights. Nor do we believe the Board's failure to help Mr. Blackford obtain the travel vouchers and receipts violated Mr. Blackford's due process rights. The Board was under no duty to obtain Mr. Blackford's evidence for him. Thus, we conclude Mr. Blackford received adequate process in the Kansas court system.[1]

Mr. Blackford also argues the district court erred by failing to address whether he is entitled to unemployment benefits pursuant to Kan. Stat. Ann. § 44-706(b). According to Mr. Blackford, he was employed in 1991 in Lakewood, California by Edward's Insurance Adjusting and Investigations. Because he earned more than $660.00 in insured and bonded work, Mr. Blackford contends he is now eligible for unemployment benefits. Unfortunately for Mr. Blackford, the issue of whether he is now entitled to unemployment benefits under Kan. Stat.

---

[1] To the extent Mr. Blackford argues his due process rights were violated by the accrual of interest on the initial award of benefits that was divested from Mr. Blackford, we find no merit to this contention.

Ann. § 706(b) does not fall within the federal courts' diversity jurisdiction or federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 (1994). Hence, the district court did not err by failing to address this issue. If Mr. Blackford truly believes he is entitled to unemployment benefits, he should pursue such benefits in the Kansas court system, not federal court.

Based on the foregoing reasons, we affirm the district court's entry of summary judgment in favor of the Board.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge